**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Brian SMITH, Defendant-Appellant.**

**No. 73–1137.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted July 13, 1973.

Decided Sept. 14, 1973.

Rehearing Denied Oct. 3, 1973.

---

C. Nelson Day, U. S. Atty., and James M. Dunn, Asst. U. S. Atty., for plaintiff-appellee.

Paul G. Goss, Denver, Colo., for defendant-appellant.

Before LEWIS, Chief Judge, and HOLLOWAY and McWILLIAMS, Circuit Judges.

PER CURIAM.

On May 26, 1971, James Brian Smith filed with his employer a withholding exemption certificate, Form W–4, which stated that he was entitled to ten exemptions. The following day he wrote a letter to the Internal Revenue Service in which he admitted that he was claiming these ten exemptions despite being entitled to only two. He explained that this action would enable him to receive his full wage and stated personal and religious convictions that the withholding provisions of the income tax law were unconstitutional.

An ensuing IRS investigation culminated in the filing of an information against Smith which charged him with supplying his employer with a false and fraudulent withholding exemption certificate in violation of 26 U.S.C. § 7205. Smith's request for assistance of counsel who was not a member of the bar was denied. Although standby counsel was appointed and available to him, Smith elected to represent himself throughout the proceedings. This appeal is brought from the judgment on his conviction after jury trial. A brief of counsel and pro se brief have been filed. We affirm.

■ The information against Smith charged him with supplying false *and* fraudulent information on his W–4 form despite the fact that the statute under which the charge was brought is stated in the disjunctive. 26 U.S.C. § 7205 defines a violator as one who "willfully supplies false or fraudulent information." Since the information was phrased in the conjunctive and the jury was so instructed, it is urged here that the government assumed the burden of proving beyond a reasonable doubt that the exemption statement was fraudulent. Appellant argues that the government did not meet this burden because it failed to prove the common law fraud elements of injury and reliance. We need not reach this narrower question, for we find that it was unnecessary for the government to establish that the information was both false *and* fraudulent.

■ The fact that an indictment or information charges in the conjunctive although the statute under which the charge is brought is worded in the disjunctive does not render the indictment or information invalid or the judgment erroneous. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610; United States v. Price, 10 Cir., 444 F.2d 248. Often, as in *Price*, the court will correct the indictment or information by reading the statute to the jury and thus make it clear that only one of the acts charged needs to be proven. But the fact that the trial court does not do so and, in fact, charges the jury in the conjunctive, offers no exception to the general rule. In *Turner* the indictment in question charged the defendant with possessing, purchasing, dispensing, and distributing heroin. The instructions to the jury were similarly phrased. The only evidence of a violation involving heroin was the defendant's possession. The Court clearly stated the rule which we find applicable here:

> The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, as Turner's indictment did, the verdict stands if the evidence is sufficient with respect to any one of the acts charged. (Turner, *supra*, 396 U.S. at 420, 90 S.Ct. at 654.)

It was therefore incumbent upon the government to establish only that Smith had willfully supplied false information. This it clearly did. Smith knew when he filed his W–4 that he was not entitled to ten exemptions. His letter written to the IRS the day after the W–4 was filed clearly indicates this, and Smith's church records support the fact that he was entitled to claim only two exemptions. A jury could thus reasonably have found in the filing of the W–4 form an intent to interfere with the withholding system and prevent the collection of taxes in the manner prescribed by law. Smith's conduct thus clearly meets the standard of willfulness which applies specifically to actions brought under 26 U.S.C. § 7205, United States v. Malinowski, 3 Cir., 472 F.2d 850, and even satisfies the more stringent standard established for related offenses under the Internal Revenue Code. *See* McCarty v. United States, 10 Cir., 409 F.2d 793.

■ Smith next contends that the provision which requires employees to file W–4 statements with their employers, 26 U.S.C. § 3402, violates the fifth amendment right against self-incrimination. This contention finds no basis in the law. Not only are such statements offered in a nonaccusatorial setting, but it is also well settled that the government has the right through the IRS to gather information for the collection of revenue. Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580.

■ The related argument that the withholding process results in a taking of property without due process suffers from a similar lack of foundation, for the due process clause of the fifth amendment is not a limitation on the taxing power conferred upon Congress by the Constitution. Brushaber v. Un-

ion Pacific R. R., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493; Swallow v. United States, 10 Cir., 325 F.2d 97. *Brushaber* stated that the due process clause could only conceivably come into play if the act complained of was so arbitrary as to compel the conclusion that it was not really taxation but the confiscation of property. As a legitimate exercise of Congress' power to make all laws "necessary and proper" for the taxing of income, the withholding provisions present no constitutional infirmity.

■■ Smith has raised a peripheral issue relating to the use of the IRS summons procedure. He argues that use in a criminal proceeding of information obtained by administrative summons amounts to an abuse of process and is constitutionally improper under the fourth amendment. While it is true that deliberate use of an administrative summons for the purpose of gathering evidence in a criminal case must meet strong resistance by the courts, Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668, the use of such information does not amount to a per se violation of the fourth amendment. The summons procedure in the instant case conforms with the standard enunciated in Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580, and followed by this court in United States v. Richardson, 10 Cir., 469 F.2d 349. *Donaldson* held that an IRS summons could be issued in aid of an investigation which might eventually result in a criminal prosecution if it is issued in good faith and prior to a recommendation for criminal prosecution. Nothing in the record indicates that this standard has not been met here. There is no error.

■ This case was submitted to the court upon the various briefs filed, including Smith's pro se brief. Subsequent to such submission Smith has filed a motion to set aside the submission and claims a right to make a pro se argument. Such motion is denied. Oral argument serves only as an aid to the court and is not premised upon a statutory or constitutional right of the parties. The court, as it does in more than fifty percent of all cases considered, did not desire oral argument.

We have carefully considered appellant's other contentions and find them to be without merit.

Affirmed.