**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William R. SMITH, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jack H. WRIGHT, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Billy R. POULSEN, Defendant-Appellant.**

**Nos. 73–1961 to 73–1963.**

United States Court of Appeals, Ninth Circuit.

Oct. 10, 1973.

Rehearing Denied Dec. 17, 1973.

---

William R. Smith, in pro. per.

Jack H. Wright, in pro. per.

Billy R. Poulsen, in pro. per.

Thomas C. Frost, Asst. U. S. Atty. (argued), Sidney E. Smith, U. S. Atty., Boise, Idaho, for plaintiff-appellee.

Before CARTER and GOODWIN, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

Defendants appeal from a 30-day jail sentence and a fine of $250 following conviction of violating 26 U.S.C. § 7205, which makes it a misdemeanor willfully to supply false information upon an Internal Revenue Service form.

Defendants, protesting the withholding of income tax from the wages of workmen, elected to declare a sufficient number of nonexistent dependents to make certain that no taxes would be withheld. One defendant filed a W–4 form claiming 17 dependents, the others claimed 10 each. All three sent letters to the Internal Revenue Service in which they stated that they had inflated their number of dependents to prevent their wages from being illegally seized.

Defendants now contend that they were entitled to engage in these theatrics because they had no "intent to defraud." In a misdemeanor prosecution, however, the government need not prove fraud, loss of revenue, or reliance by the government. The offense is made out when a person required by law to complete and file a W–4 intentionally uses the form to supply false information. United States v. Malinowski, 472 F.2d 850 (3rd Cir. 1973).

Our system of self-assessment and concurrent payment of taxes as income is earned cannot survive if every taxpayer is permitted to formulate his own rules. Misdemeanor penalties were provided by Congress with the knowledge that for certain types of forbidden behavior, even though criminal conduct is not present, a mild deterrent and the certainty of punishment are vital to the system. The defendants are free to express their political discontent in other ways. When they elected to defy the tax laws, they assumed the burden of the penalties provided by those laws.

The defendants have represented themselves in this court and in the district court. None has legal training. It is perhaps appropriate, therefore, to

* The Honorable William G. East, United States District Judge for the District of Oregon, sitting by designation.

point out that under the law they have the right to apply to the sentencing court for a reduction of their sentence within 120 days from the date the judgment in this case becomes final. *See* F.R.Crim.P. 35.

Affirmed.