**James M. SHEA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 74-2115.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1974.

Decided Nov. 26, 1974.

Richard E. Crouch (Philip J. Hirschkop, Alexandria, Va., on brief), for appellant.

Mark S. Geraghty, Arlington, Va., Sp. Asst. U. S. Atty. (David H. Hopkins, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

### PER CURIAM:

James Shea was convicted of willfully supplying his employer with false or fraudulent information about his income tax withholding, in violation of 26 U.S. C. § 7205 (1970). This court affirmed his conviction. Shea v. United States, No. 15,313 (4th Cir. April 6, 1971).

Shea's conviction arose from his attempt to protest the Government's policies in Viet Nam. On February 20, 1970 Shea filed a W–4 Form with his employer showing that he had 20 dependents, a substantial increase from his previous claim of six dependents. In response to his employer's query about the change, Shea wrote: "I changed my number of dependents as indicated on the enclosed W–4 Form after considering carefully the Internal Revenue's regulations, statutes covering income tax, and the advice of my lawyer. My explanation of the change is that the number of my dependents has increased." Earlier, on January 23, 1970, when filing an income tax return, Shea had enclosed a letter protesting government policies. In that letter he proclaimed a general intent to seek ways to resist the payment of taxes. He did not, however, repeat his protest in a letter attached to the W–4 Form or refer to it in any way when asked for an explanation of the increase in the number of his dependents.

After the decision in United States v. Snider, 502 F.2d 645 (4th Cir. 1974), Shea filed a motion for relief under 28 U.S.C. § 2255, which the district court denied. Like Shea, Snider was convicted of violating § 7205 for making an inaccurate statement on his withholding form. Snider had filed a W–4 Form, claiming three billion dependents, which represented all the human beings in the world, as he explained in a cover letter. Reversing the conviction, this court held that the information was not "(1) supplied with an intent to deceive, or (2) false in the sense of deceptive—of such a nature that it would reasonably affect withholding to the detriment of the government." 502 F.2d at 655. Since the claim of three billion dependents could deceive no one, this court found that dismissal of the indictment was appropriate.

Shea's case is distinguishable from Snider's. On its face, the claim of 20

**1228**

dependents is not completely implausible. Unlike Snider, Shea enclosed no letter with his W–4 to explain his actions. The letter of January 23 does not bring this case within *Snider's* holding since Shea did not sufficiently alert the Government that he planned to claim enough dependents to wipe out his tax liability. Accordingly, we do not find that dismissal of the indictment would be appropriate.

Shea slso claims that the district court applied an incorrect legal standard in his trial without a jury. The record on appeal, however, does not disclose an error warranting post-conviction relief. Accordingly, we affirm the district court's denial of the motion to vacate the sentence.

Affirmed.