UNITED STATES of America,
Appellee,

v.

Bernard John HINDERMAN,
Appellant.

UNITED STATES of America,
Appellee,

v.

Robert Francis HINDERMAN,
Appellant.

UNITED STATES of America,
Appellee,

v.

Dennis Alan STORLIE, Appellant.

Nos. 75–1394, 75–1469 and 75–1470.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1975.

Decided Jan. 5, 1976.

R. Fred Dumbaugh, Cedar Rapids, Iowa, for appellants.

Gary E. Wenell, Asst. U. S. Atty., Sioux City, Iowa, for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellants [1] were convicted in separate trials [2] of wilfully supplying false or fraudulent information to their employer with regard to their entitlement to withholding tax allowances, in violation of Title 26, U.S.C., § 7205. In this appeal they charge the trial court [3] erred in not granting their respective motions for judgment of acquittal on the ground that the government failed to prove all the essential elements of the crime charged, viz., that defendants supplied "false or fraudulent" information. In the alternative they ask for new trials upon the grounds that the trial court's instructions to the jury defining "false" and "fraudulent" were erroneous. We affirm.

The thrust of appellants' contention on this appeal is that the trial court's definitions of "fraudulent" and "false" are improper and insufficient as those terms should be defined under section 7205. We are asked to apply *United States v. Snider*, 502 F.2d 645, 650–55 (4th Cir. 1974), where the court stated:

> [W]e hold that in order for a taxpayer to be convicted of supplying "false or fraudulent" information contrary to section 7205 the information must either be (1) supplied with an intent to deceive, or (2) false in the sense of deceptive—of such a nature that it could reasonably affect withholding to the detriment of the government.

In the instant cases the trial court instructed the jury that, among other things, the government was required to prove beyond a reasonable doubt that "3. [t]he defendant wilfully supplied false or fraudulent information" in the Internal Revenue Service form certifying certain information as to his entitlement to withholding allowances. The terms "wilfully," "fraudulent," and "false" were then defined as follows:

### INST. NO. 8

The term "wilfully" as used in the statute in question means voluntary, purposeful, deliberate and intentional as distinguished from accidental, inadvertent or negligent.

Mere negligence, even gross negligence, is not sufficient to constitute wilfulness under the criminal law. To be wilful defendant's acts must be voluntary and purposeful and done with the specific intent to fail to do what he knew the law required to be done; that is to say, with a bad purpose or evil motive to disobey or disregard what the law requires.

It is not necessary for the Government to show that defendant intended to defraud the Government or his employer or that the Government or his employer relied upon the false form or that the Government lost revenue as a result of the defendant's action for defendant's actions to be unlawful under this section.

On the other hand, defendant's conduct is not wilful if you find that he acted out of negligence, inadvertence, accident or reckless disregard for the requirements of the law, or due to his good faith misunderstanding of the requirement of the law or prior court decision.

### INST. NO. 9

A statement or claim or document is fraudulent if it was falsely made or

---

1. Originally seven defendants appealed, four of whom abandoned their appeals prior to submission.

2. Defendant Bernard Hinderman was charged with claiming thirty allowances on his W-4 form when he was properly entitled to six; defendant Robert Hinderman claimed thirty al-

lowances when entitled to six; and defendant Dennis Storlie claimed fifty allowances when entitled to two.

3. The Honorable Edward J. McManus, Chief Judge, Northern District of Iowa.

caused to be made, with the intent to deceive.

## INST. NO. 10

A statement is false if it was untrue when made, and was then known to be untrue by the person making it or causing it to be made. "False" means more than merely "incorrect."

■ Initially we note that none of the appellants objected to instructions 9 and 10 at the time of trial; therefore, under Fed.R.Crim.P. 30 appellants have waived their right to assign as error the instructions now attacked. *United States v. Freeman,* 514 F.2d 171, 174–75 (8th Cir. 1975).[4] Neither do we find plain error affecting substantial rights of the parties since the instructions as a whole covered the essential elements of the crime correctly.

We are satisfied that the trial court properly defined the terms "false" and "fraudulent" as used in 26 U.S.C. § 7205. *See United States v. Malinowski,* 472 F.2d 850 (3d Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973); *United States v. Smith,* 487 F.2d 329 (9th Cir. 1973), *cert. denied,* 416 U.S. 989, 94 S.Ct. 2396, 40 L.Ed.2d 767 (1974). The statute, 26 U.S.C. § 7205, which is stated in the disjunctive "false or fraudulent," has been specifically construed to require that the government establish only that the taxpayer wilfully supplied false information. *United States v. Smith,* 484 F.2d 8 (10th Cir. 1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874 (1974). *See also Malinowski, supra; United States v. Smith, supra,* 487 F.2d 329.

We are not persuaded that "false in the sense of deceptive" as stated in *Snider, supra,* 502 F.2d at 655, is required under section 7205. In *Snider* the de-fendant claimed three billion allowances whereas defendants here claimed from thirty to fifty allowances, arguably not an inconceivable number in view of the fact that withholding allowances may be claimed both on the basis of family members and the amount of itemized deductions allowed by the statute. 26 U.S.C. § 3402. *See Shea v. United States,* 506 F.2d 1226 (4th Cir. 1974).

■ Appellants, however, persist in their claim that judgments of acquittal should have been entered because intentional deception is a requisite of guilt under section 7205 and that the thirty to fifty claimed allowances could reasonably deceive no one. Assuming arguendo that the government was neither deceived nor likely to be misled by the claimed withholding allowances, the fact remains that each W–4 statement was false. It was untrue when made and was then known to be untrue by the person making it. The record discloses that each of the defendants wilfully filed his respective W–4 form with the intent to interfere with the withholding system and prevent the collection of taxes in the manner prescribed by law. Their guilt under Title 26, U.S.C., § 7205, was fully established. *United States v. Smith, supra,* 484 F.2d at 10.[5]

Appellant Bernard Hinderman in a separate brief claims he was denied his constitutional right to the assistance of counsel of his own choosing. In this case appellant initially appeared with two unlicensed attorneys who, it appeared, either had been disbarred or had had their licenses to practice law revoked in Minnesota and had not been admitted to practice in any other state. The trial court, in accordance with Local Rule 5, prohibited them from appearing at counsel's table and acting as counsel for ap-

---

4. Although each of the defendants conducted much of his own defense, an experienced attorney was appointed by the court and was available for consultation at all times during the course of the trials. Failure to utilize the services of counsel does not excuse noncompliance with the rules. *See generally United States v. Redfield,* 197 F.Supp. 559, 589–90 (D.Nev.), *aff'd,* 295 F.2d 249 (9th Cir. 1961), *cert. denied,* 369 U.S. 803, 82 S.Ct. 642, 7 L.Ed.2d 550 (1962).

5. The court's instruction on wilfulness met the more stringent standard of a bad purpose and evil motive to disobey or disregard what the law requires. *See United States v. Pohlman,* 522 F.2d 974 (8th Cir. 1975).

pellant before the court. Appellant was not barred from consulting with them during recesses and at other times and places. The court did appoint other counsel to sit at counsel's table with appellant to render such assistance as appellant might request. Appellant objected to this procedure and now claims he was deprived of the effective assistance of counsel. We reject appellant's contention.

While a defendant in a criminal trial has a right to defend himself, *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), he has no constitutional right to have an unlicensed attorney represent him in court proceedings. *McKinzie v. Ellis*, 287 F.2d 549 (5th Cir. 1961); *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951); *see also Ginger v. Cohn*, 426 F.2d 1385 (6th Cir. 1970). We have previously approved the procedure followed here where able counsel was appointed and made available for the use of the defendant throughout the trial. *United States v. Sturgeon*, 501 F.2d 1270, 1275 (8th Cir. 1974).

Affirmed in all respects.