ALEXANDER W. ZWANETSKY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Zwanetsky v. Commissioner
Docket No. 28652-82.
United States Tax Court
T.C. Memo 1984-226; 1984 Tax Ct. Memo LEXIS 449; 47 T.C.M. (CCH) 1718; T.C.M. (RIA) 84226; April 26, 1984. Alexander W. Zwanetsky, pro se. Russell K. Stewart, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Joan Seitz Pate pursuant to section 7456 of the Code and Rules 180 and 181 *450 of the Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: Respondent determined deficiencies in petitioner's 1980 Federal income taxes in the amount of $8,360 and additions to tax under sections 6651(a) and 6653(a) in the amounts of $1,040 and $418, respectively. These deficiencies will be credited with Federal taxes withheld from petitioner's wages in the amount of $4,198. Petitioner timely filed a petition with this Court on December 8, 1982. His residence at that time was 121 Holly Avenue, Penndel, Pennsylvania, 19047. This case was tried in Philadelphia, Pennsylvania, on September 27, 1983. At that time a stipulation of facts was filed. The facts contained in that stipulation are incorporated herein by reference. Petitioner filed a Form 1040-A for the year 1980 with the Internal Revenue Service on April 8, 1981 which included his name, address, that *451 he was married filing a separate return, and exemptions for himself, his spouse and his son, David. In response to most of the other questions, he stamped "Object 4th amend 5th amend." Petitioner also attached to his Form 1040-A numerous pages of written material containing various legal arguments of a "tax protester" nature. In addition, the following statement was typed on the bottom of his return: I respectfully decline to answer on the grounds of the FIFTH AMENDMENT to the UNITED STATES CONSTITUTION. I refuse to furnish information which might tend to incriminate me and I request immunity under 18 U.S.C. 6004. I specifically am claiming the Constitutional right guaranteed by the FIFTH AMENDMENT to remain silent. I have a Constitutional Right not to testify against myself and I am at this time exercising my right against compelled testimony. In his Notice of Deficiency respondent determined the petitioner's income to be as follows: Description
Amount
Wages
$26,140
Interest Income
252
Dividend Income
415
Capital Gain Income
121
Schedule "C" Income
1,053
Respondent computed the tax thereon to be $8,360, determined additions *452 to the tax under sections 6651(a) and 6653(a) of $1,040 and $418, respectively, and showed petitioner's federal income tax withholding for the year to be $4,198. At trial, petitioner conceded that he had received taxable income for the amounts of the interest, dividends, and capital gains, but persisted in maintaining that his wages and Schedule C income were not taxable. At trial, however, the parties orally stipulated that: In the alternative, provided that the Court states the Petition[er] is, in fact, a person liable for income tax and that the monies Petitioner receive (sic) from Betz Laboratories, Inc., for his labor are, in fact, taxable income, the parties agree to deductions as follows: child-care credit of $67.50; a medical deduction of $1,050, without regard to the three percent limitation adjustment provided for gross income; an interest deduction of $1,474; taxes of $1,084; a charitable contribution of $100; and a casualty loss of $1,070. On brief, petitioner continued to contend that his wages and other earned income are not taxable, or in the alternative, that he is entitled to a deduction for living expenses to maintain his labor productivity. In addition, *453 petitioner claims that the withholding of Federal income taxes from his wages is unconstitutional, that the requirement of filing an income tax return violates his rights under the Fourth and Fifth Amendment to the Constitution, and that the provisions of section 6673 are unconstitutional. We will deal with each of these arguments in turn. Gross income means all income from whatever source derived including wages and other earned income. It includes income realized in any form, whether in money, property, or services. Section 61. Income as defined under the Sixteenth Amendment is "gain derived from capital, from labor, or from both combined." Eisner v. Macomber,252 U.S. 189, 207 (1920). Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). See United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980), where the Court said--"* * * 'the earnings of the human brain and hand when unaided by capital' are commonly treated as income" and "* * * the Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's *454 income." [Citations omitted.] "One's gain, ergo his 'income,' from the sale of his labor is the entire amount received therefor without any reduction for what he spends to satisfy his human needs." Reading v. Commissioner,70 T.C. 730, 734 (1978), affd. 614 F.2d 159 (8th Cir. 1980). "Although the wages [gross income] received by [petitioner] may represent no more than the time-value of his work, they are nonetheless the fruit of his labor, and therefore represent gain derived from labor which may be taxed as income." [Emphasis added.] Rice v. Commissioner,T.C. Memo. 1982-129, and cases cited therein. See also Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983), and cases cited therein. It is equally clear that Congress has the power to require withholding on petitioner's wages. See Central Illinois Public Service Co. v. United States,435 U.S. 21 (1978); Beatty v. Commissioner,667 F.2d 501 (5th Cir. 1982). The withholding process comes within the taxing power of Congress and is not a taking of property under the Fifth Amendment. Campbell v. Amax Coal Co.,610 F.2d 701 (10th Cir. 1979); *455 United States v. Smith,484 F.2d 8 (10th Cir. 1973). Petitioner also contends that his Fourth Amendment rights are being violated here. His general assertion that his Fourth Amendment rights have been violated is without merit. Ginter v. Southern,611 F.2d 1226 (8th Cir. 1979), cert. denied 446 U.S. 967 (1980). In Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), the Court, in affirming a decision of this Court in a tax protester case said-- "* * * Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search or seizure." Accord, McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), aff'g. 76 T.C. 1027 (1981), where the Court reached the same result in another tax protester case. Similarly, with regard to petitioner's assertion of the Fifth Amendment privilege, the privilege may not itself be used as a method of evading payment of lawful taxes. Petitioner must be faced with substantial hazards of self-incrimination that are real and appreciable, and must have *456 reasonable cause to apprehend such danger. Edwards v. Commissioner,supra;McCoy v. Commissioner,supra.There is nothing in this record even remotely indicating that petitioner is faced with substantial hazards of self-incrimination or that he had reasonable cause to apprehend such danger. Since nowhere does petitioner explain his fear of criminal prosecution, we cannot give his claim any credence. At the trial of this case, petitioner did not submit any evidence disputing the amount of the income additions which form the basis of the deficiency in tax or the additions to tax made in respondent's notice of deficiency. Petitioner bears the burden of proving that respondent's determination is incorrect. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). Since petitioner has that burden of proof and he has failed to overcome it, our decision is for the respondent as to all of the income determinations and liability for additions to tax under 6651(a) and 6653(a). However, because we have found that petitioner's wages and other earned income must be included in his gross income, this decision is issued under Rule 155 *457 so that the deductions and credits stipulated by the parties at the time of trial may be taken into account in computing petitioner's final tax liability and the amount of the additions to tax. Further, under these particular circumstances, and exercising our discretion in this matter, we deny respondent's motion for damages under section 6673. [2]
Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Since we have not awarded damages to the United States pursuant to section 6673, we need not address petitioner's contention that this section is unconstitutional.↩