**UNITED STATES of America, Appellee,**

v.

**Carl HOLECEK, Appellant.**

**No. 83–2455.**

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1984.

Decided July 13, 1984.

Rehearing and Rehearing En Banc Denied Aug. 7, 1984.

---

332

Ronald D. Lahners, U.S. Atty., Robert F. Kokrda, Asst. U.S. Atty., D.Neb., for appellee.

Steven E. Achelpohl, Schumacher & Gilroy, Omaha, Neb., for appellant.

Before BRIGHT, Circuit Judge, SWYGERT, Senior Circuit Judge,* and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Carl Holecek was found guilty of violating 26 U.S.C. § 7206(2) which provides for criminal sanctions against one who:

> Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document.

*Id.* We affirm.

### Facts

Carl Holecek is the founder and chairman of a political organization known as the Constitutional Party. It is a position of the Constitutional Party that, under the United States Constitution and the Internal Revenue Code, wages and salaries should be exempt from taxation.

Holecek often made speeches and disseminated literature concerning the taxation of wages and salaries. In addition, Holecek prepared and assisted in the preparation of other individuals' regular (Form 1040 or 1040A) and amended (Form 1040X) tax returns. Holecek generally received a nominal fee for preparing these returns.

The indictment in this case referred to thirty-two regular and amended tax returns which Holecek had prepared in whole or in part for other individual taxpayers. These tax returns requested refunds of amounts withheld from or of amounts previously paid on earned wages or salaries. Every return correctly listed the amount of wage or salary income. Typically, however, in the case of a regular return, the word "exempt" was written beside the statement of wages or salaries earned. The appropriate wage or salary figure was carried to the "adjusted gross income line," next to which the words "no gain" were written. The words "no gain—no tax" then appeared in the tax computation block of the regular return. Any amount withheld from wage or salary income then was claimed as a refund on the "refund or balance due line." In the case of an amended return, the amount of previously reported taxable income was "corrected" to zero and the word "exempt" was written next to the "corrected" zero amount. The full amount of tax paid in the relevant previous year then was claimed as a refund in the "refund or balance due section" of the return.

A grand jury returned a thirty-two count indictment against Holecek on April 13, 1983. His case was tried to a jury in the District Court.[1] Of the thirty-two counts charged in the indictment, Holecek was convicted of twenty-nine counts.

On appeal Holecek argues that he was selectively prosecuted and that the District Court improperly instructed the jury with respect to the applicability of the First Amendment to this case and the elements of falsity and materiality.

### Selective Prosecution

Holecek claims that he was the victim of illegal selective prosecution because of speeches he made and literature he disseminated regarding the taxation of wages and salaries.

This Court recently has reiterated the elements of a prima facie case of selective prosecution. *See United States v. Eklund,* 733 F.2d 1287 (8th Cir.1984) (*en banc*).

---

* The Honorable Luther M. Swygert, United States Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The Honorable C. Arlen Beam, United States District Judge, District of Nebraska, presiding.

[A] defendant must first demonstrate that he has been singled out for prosecution while others similarly situated have not been prosecuted for conduct similar to that for which he was prosecuted. Second, the defendant must demonstrate that the government's discriminatory selection of him for prosecution was based on an impermissible ground, such as race, religion or his exercise of his first amendment right to free speech.

*Id.* at 1290. (quoting *United States v. Catlett,* 584 F.2d 864, 866 (8th Cir.1978)). One attempting to meet these requirements bears a heavy burden. *Id.* We have reviewed the record in this case and find nothing to support Holecek's claim of selective prosecution.

■ Holecek was prosecuted for willfully and knowingly aiding and assisting in, and counseling, procuring, and advising the preparation and presentation to the Internal Revenue Service of tax returns which were false as to material matters, *i.e.,* he was prosecuted for tax return preparation activities. Holecek argues that the taxpayers whom he assisted in the preparation of tax returns, as well as Guy Brock, the legal director of the Constitutional Party, were "similarly situated," yet were not prosecuted. Some of these taxpayers had discussed and urged making claims to the Internal Revenue Service that their wages and salaries were exempt from taxation. Brock was responsible for researching and speaking on the law applicable to making such claims. But there is no indication that any of these individuals assisted others in the actual preparation of tax returns. These individuals therefore were not "similarly situated" to one charged with illegally assisting others in tax return preparation. Finally, Holecek likens himself to Shirley Liles, an Oregon member of the Constitutional Party who had disseminated literature similar to that which Holecek had disseminated. There is some indication in the record that Liles was schooled by Holecek in tax return preparation and that she assisted other taxpayers in preparing returns. But there is no direct proof that Liles' activities were so pervasive as to make her "similarly situated" to Holecek. Thus, Holecek has not established the first element of a prima facie case of selective prosecution.

■ Even if Holecek had established the first element of a prima facie case of selective prosecution, there is no evidence in the record to establish the second element of such a case. Granted, Holecek made speeches and disseminated literature regarding the taxation of wages and salaries, but this is not why Holecek was prosecuted. With respect to each count of which he was convicted, Holecek did at least one of the following: requested documents from taxpayers in order to compute figures for or prepare their returns, computed figures for taxpayers to place on their returns, actually prepared returns, signed returns as the preparer, and, in one instance, mailed returns. Holecek also provided many of the taxpayers with a statement that "compensation for labor" is exempt from taxation under the Constitution and the Internal Revenue Code and told them to attach a personally handwritten, signed copy of the statement to their returns.[2] Assistance by Holecek in the actual preparation of tax returns was not an impermissible ground upon which to base a prosecution.

*Jury Instructions*

I. First Amendment

■ It is Holecek's position that at least part of his activities—speeches to groups and the dissemination of literature on the subject of taxation of wages and salaries—constituted protected speech under the First Amendment. He therefore argues

---

2. Following is the text of such a statement which was attached to one of the returns:

We had inadvertently filed our compensation for labor as taxable income not realizing we were exempt under the 16th Amendment and Article 1, Section 8 and Section 9 of the Constitution of the United States and Section 61 of the Internal Revenue Code of 1954—and desire a refund of our money with appropriate interest.

that the District Court should have instructed the jury that:

> The first amendment does not provide a defense to a criminal charge simply because the actor uses words to carry out his illegal purpose. Speech which "incites imminent lawless activity" is not protected speech under the first amendment. Speech which "merely advocates law violation" is, however, protected by the first amendment.

Designated Record (D.R.), Defendant's Requested Instruction No. 5.

This requested instruction might be a proper statement of the law under *Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969), but *Brandenburg* is inapplicable to this case. Holecek has done a great deal more than merely to advocate through speech violation of the tax laws. *See, e.g., supra,* p. 334. Regardless of the fact that Holecek, by speaking on the subject and by disseminating literature, arguably may have expressed his position regarding the taxation of wages and salaries in such a fashion as to be protected under the First Amendment, the actual preparation of the tax returns by Holecek removes this case from the ambit of both *Brandenburg* and the First Amendment. We therefore hold that the District Court properly refused to give Defendant's Requested Instruction No. 5.

## II. Falsity

In *United States v. Hinderman*, 528 F.2d 100 (8th Cir.1976) (conviction under 26 U.S.C. § 7205 for willfully supplying false or fraudulent information to employer with regard to withholding tax allowances), this Court sanctioned a trial court's charge to the jury which included a definition of the term false:

> A statement is false if it was *untrue when made, and was then known to be untrue* by the person making it or causing it to be made. "False" means more than merely "incorrect."

*Id.* at 102 (emphasis added). In the instant case, the District Court also instructed the jury as to the element of falsity:

> A "false" return is a return that was *untrue when made.* You are instructed that the tax returns filed by the individual taxpayers referred to in the indictment were false as to material matters within the meaning of Title 26, section 7206(2) of the United States Code.

D.R., Court's Charge to the Jury, Instruction No. 12A (emphasis added). Holecek contends that by so instructing the jury, the District Court denied him the "right and opportunity to argue that the returns [referred to in the indictment] were not false—that ... when he assisted in their preparation, [he] did not know the statements were untrue." Brief for Defendant/Appellant at 20.

■ The generally accepted definition of "false" to be applied in cases such as this is two-pronged: a statement is false if untrue and known to be untrue when made.[3] *See Hinderman, supra.* It is the second prong of falsity that Holecek claims was improperly removed from the jury's consideration.[4] We have reviewed the Dis-

---

**3.** We see no reason to instruct differently on the meaning of "false" when a case arises under § 7206 as did this case, than when it arises under § 7205 as did *Hinderman. See generally* 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 36.04 (1977) (essential elements of offense under § 7206(2)).

**4.** Holecek claims error due to the giving of Instruction No. 12A only with respect to the second prong of the definition of "false," *i.e.,* his knowledge that statements in the returns were untrue when made. *See* Brief for Defendant/Appellant at 21. He does not raise the basic issue of whether the jury should have been allowed to determine whether or not the returns

were in fact untrue. The returns all listed the true amount of wages earned by the taxpayer and, when required, had attached to them accurate wage and tax statements. But once a wage amount had been listed, the taxpayers completely failed to follow the remaining steps for properly determining tax liability, which are clearly and explicitly set out on the return forms themselves. Instead, the taxpayers proceeded directly to that portion of the tax return form that dealt with refunds. There the taxpayers asserted that any amount withheld from wages or salaries or, in the case of an amended return, any amount previously paid on wage or salary income was refundable. The taxpayers then

trict Court's falsity instruction "in the context of the entire set of instructions," *United States v. Foley,* 683 F.2d 273, 279 (8th Cir.), *cert. denied,* 459 U.S. 1043, 103 S.Ct. 463, 74 L.Ed.2d 613 (1982), and we hold that the failure of the District Court to instruct this jury on the element of falsity as the court did in *Hinderman* was, at worst, harmless error.

Instruction No. 12A only told the jury that the returns were untrue when made, that this made them false under § 7206, and that they were false as to material matters. Instruction No. 12A contained no comment whatsoever on Holecek's knowledge of the untruth. The issue of Holecek's knowledge of the untruth was left to the jury and was subsumed under other instructions given by the District Court:

### INSTRUCTION NO. 12

Three essential elements are required to be proved in order to establish each offense charged in the indictment:

First: The act or acts of aiding, or assisting in, or procuring, or counselling, or advising, the preparation, or the presentation, of a false income tax return, as charged;

Second: Doing such act or acts with knowledge that the income tax return in question was false as charged; and

Third: Doing such act or acts willfully.

The burden is always upon the government to prove beyond a reasonable doubt every essential element of the crime charged; the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

listed the amount they claimed should be refunded to them. The taxpayers selectively filled out only those portions of the tax return forms that suited them; refund figures arrived at in such a fashion are not true representations of what is refundable. Such a failure to follow the return forms' clear computation requirements rendered the claimed refund amounts and hence the returns untrue as a matter of law.

### INSTRUCTION NO. 16

An act is done "with knowledge" or "knowingly" if done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

The purpose of adding the word "knowingly" is to insure that no one will be convicted for an act done because of mistake or accident or other innocent reason.

If a person in good faith believes that an income tax return, as prepared by him, truthfully reports the taxable income and allowable deductions of the taxpayer under the internal revenue laws, he cannot be guilty of willfully preparing or presenting, or causing to be prepared or presented, a false return.

D.R., Court's Charge to the Jury, Instructions No. 12, No. 16. Given these instructions, Holecek adequately was allowed the opportunity to argue the issue of his knowledge of any untruth.

### III. Materiality

Section 7206(2) requires that the defendant's willful acts must have been committed with respect to documents which are fraudulent or false as to *material* matters. The District Court directed the jury that the materiality element of a § 7206(2) prosecution had been met. *See, supra,* p. 335 (quoted portion of Instruction No. 12A). Holecek claims that this determination of materiality was erroneous because the Internal Revenue Service should not have been deceived by any of the tax returns in this case.

The Second Circuit recently explained the meaning of materiality "[w]here a false statement is made to a public body or its representative . . . ." *United States v. Greenberg,* 735 F.2d 29 at 31 (2nd Cir.1984) (criminal prosecution under 26 U.S.C. § 7206(1)).[5]

5. Section 7206(1) prohibits one from "[w]illfully mak[ing] and subscrib[ing] any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter.

[M]ateriality refers to the impact that the statement may reasonably have on the ability of that agency to perform the functions assigned to it by law. The question is not what effect the statement actually had; its actual effect would plainly present an issue of fact. The question is rather whether the statement had the potential for an obstructive or inhibitive effect.

*Id.* The Second Circuit concluded that this is a question of law which requires a court to consider the agency's responsibilities under the law and the relevance of the false statement in question to those responsibilities. *Id.* at 31–32. Five other circuits have determined the question of materiality in a case arising under § 7206(1) to be one of law. *See, e.g., United States v. Whyte,* 699 F.2d 375, 379 (7th Cir.1983); *United States v. Gaines,* 690 F.2d 849, 858 (11th Cir.1982); *United States v. Strand,* 617 F.2d 571, 574 (10th Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 120, 66 L.Ed.2d 48 (1980); *United States v. Taylor,* 574 F.2d 232, 235 (5th Cir.); *cert. denied,* 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978); *United States v. Romanow,* 509 F.2d 26, 28 (1st Cir.1975). *But see United States v. Null,* 415 F.2d 1178, 1181 (4th Cir.1969) (materiality in § 7206(1) prosecution a jury issue).

We are persuaded that materiality under § 7206(1) is a question of law. Likewise, we hold that materiality is no less a question of law under § 7206(2). We have reviewed the record and find no abuse of discretion in the District Court's determination that the statutory element of materiality was satisfied in this case. Certainly the false tax returns in this case had the potential to obstruct or inhibit the functions which the Internal Revenue Service is required by law to perform.

We have considered the other arguments raised by Holecek and find them to be without merit. Accordingly, the judgment of the District Court is affirmed.