**UNITED STATES of America**

v.

**Seymour G. MANDELL.**

**Crim. No. 88–323.**

United States District Court,
E.D. Pennsylvania.

Aug. 25, 1989.

Gary Glazer, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

William B. Lytton, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Defendant was convicted of tax evasion and of assisting or procuring the preparation of false tax returns, violations of 26 U.S.C. §§ 7201 and 7206(2). Presently he has moved for a judgment of acquittal or alternatively, for arrest of judgment or a new trial.

During the tax years of 1982 and 1983, the defendant, Seymour G. Mandell, owned all of the stock of The Freshie Company, a food service and distribution company. At that time he and his wife were involved in the renovation and expansion of their Philadelphia townhouse. Irving Shapiro was retained as their architect, and Robert Lipschutz was hired as the contractor to make the renovations. Documentary evidence showed both submitted bills to The Freshie Company for work done at the defendant's house, and that these bills were drafted to show the work had been performed at Freshie's plant. Lipschutz testified his bills were worded in that fashion at Mandell's direction.[1] Despite the existence of an accounting system which provided a method by which defendant's personal expenses could be paid with Freshie monies and the amounts charged to an executive loan account in defendant's name, the invoices to Freshie for the work done at defendant's home were paid by Freshie, but the amounts were not charged to defendant. The evidence also showed that Freshie paid for the rental of coat racks used at defendant's home while the closets were being redone, and that this amount was not charged to him. In addition, defendant approved in writing Freshie's payment of some of these expenses, and none of them was included as income on his personal tax returns for 1983 or 1984. The Freshie Company deducted the payments made to the architect, contractor, and for the coat racks as expense items for 1983 and 1984. It was on the basis of these facts that the defendant was indicted for evasion of his personal income tax for 1983 and 1984 (counts one and two) and with assisting or procuring the preparation or presentation of false tax returns on behalf of The Fre-

---

1. Shapiro testified at trial that he dealt with only three people in connection with the renovations on defendant's house: defendant, his wife, or Ida Trivelis, defendant's secretary. He testified that after having submitted certain invoices to the defendant, he was requested to redraft the invoices to reflect that the work had been performed at The Freshie Company rather than at defendant's home and to submit the invoices to Freshie for payment. Although he could not recall specifically who asked him to redraft the invoices and send them to Freshie, Shapiro testified that the request would have had to have come from defendant, defendant's wife, or defendant's secretary.

shie Company for the same years (counts three and four). At defendant's first trial, the jury was unable to reach a verdict on any count; at defendant's second trial, he was convicted of all charges.

## I. *Defendant's Double Jeopardy Argument*

■ In moving for judgment of acquittal or arrest of judgment, defendant contends that the evidence presented at his first trial was insufficient to support a conviction on any count, and that his retrial was thus barred by the double jeopardy clause of the fifth amendment. Defendant argues that with respect to the first two counts of the indictment, the evidence at the first trial did not show a willful act on his part to evade his personal tax liability.[2] Viewing the evidence in the light most favorable to the government, there was sufficient evidence at the first trial from which the jury could have decided that the defendant directed both Shapiro and Lipschutz to draft their bills to show that the work on his house had been performed for Freshie and to submit the bills to Freshie for payment. The evidence also warranted a finding that defendant approved the payment by Freshie of these invoices as well as the invoices for the coat racks, yet never included these amounts as income on his personal tax returns for 1983 or 1984. With regard to counts three and four,[3] there was also evidence which would have justified the conclusion that the defendant was aware of the system in place at Freshie to charge him for its payment of personal expenses, that he knew the house renovation invoices would be charged as corporate expenses

unless he designated them as personal expenses, and that he also knew Freshie could not legitimately claim deductions for payments it made for the improvement of his residence. Thus, there was sufficient evidence from which the jury could have concluded that defendant acted willfully, as required if there was to be a conviction on counts one and two, and that he knowingly and intentionally caused the preparation of false returns by Freshie, as required if there was to be a conviction of counts three and four. It follows that his retrial on all four counts was not barred by the double jeopardy clause.

## II. *Defendant's Motion for Judgment of Acquittal on Count Three*

■ Defendant also moves for judgment of acquittal on count three of the indictment on the basis that there was insufficient evidence at trial to prove the allegations in that count. Count three of the indictment charges that Mandell aided, assisted, procured, counselled, and advised the preparation of a tax return that falsely represented Freshie was entitled "to claim a deduction of $28,500.00 for outside services expenses" for its 1983 fiscal year.

The evidence at trial showed Freshie's tax return for its fiscal year ending June 25, 1983, was submitted on IRS Form 1120. Line 14 of this form is headed "Repairs" and the return listed a deduction of $32,-317. Included in this total was $21,000 paid by Freshie to Robert Lipschutz for work done at the defendant's residence. Line 26 of Form 1120 is titled, "Other

---

**2.** To prove a violation of 26 U.S.C. § 7201, the government had to prove the following beyond a reasonable doubt: (1) that a substantial amount of federal income tax was due and owing for the calendar year in question in addition to the amount of tax which was declared or disclosed in the defendant's tax return; (2) that the defendant knew that a substantial amount of additional tax was due and owing from him for that year; and (3) that the defendant willfully attempted in some manner to evade or defeat that additional tax, specifically intending to deprive the government of money due it. *United States v. Hogan*, 861 F.2d 312, 315 (1st Cir.1988).

**3.** With respect to counts three and four, defendant argues that the evidence at the first trial

was insufficient to prove either the knowledge and intent or the causation necessary under counts three and four. To prove a violation of 26 U.S.C. § 7206(2), the government had to prove the following beyond a reasonable doubt: (1) that the defendant willfully did some act which he knew was false or fraudulent, (2) that the false or fraudulent action he knowingly took was for the purpose of causing the preparation of an income tax return that was false and fraudulent, and (3) that, as a result of defendant's actions, a false income tax return was prepared and presented to the IRS. *United States v. Hooks*, 848 F.2d 785, 788 (7th Cir.1988).

deductions." It totalled $2,021,877.00 and was supported by a schedule identified as "Statement 8." Statement 8 contained 21 categories of "Other deductions," including "Professional Fees," $252,715, and "Outside Services," $3,715. Among the amounts listed on Statement 8 under "Professional Fees" and "Outside Services" were payments to Shapiro of $4,500 and $3,000, respectively. The evidence at trial thus showed that the Freshie return for 1983 did not claim a deduction for "Outside Services" in the amount of $28,500, as charged in count three of the indictment. Rather, as Agent Lyne testified, the 1983 Freshie return claimed two other false deductions: the $4,500 deduction for "Professional Fees" and the $21,000 deduction for "Repairs." These three amounts, $21,000, $4,500, and $3,000, are the basis for the charge in count 3 that Freshie's return was false and fraudulent because it claimed "a deduction of $28,500.00 for outside services expenses."

The problem—and the basis for defendant's motion for judgment of acquittal—is that the precise charge in count three, that Freshie's return claimed an improper deduction of $28,500 for "Outside Services," was not proven at trial. Rather, the evidence showed only an improper $3,000 deduction for "Outside Services." The defendant contends that the difference between the indictment's allegation and the government's evidence amounted to a failure of proof which entitles him to a judgment of acquittal on this count. I disagree. The indictment charges defendant with procuring Freshie's filing of a tax return that was false because it claimed an improper "Outside Services" deduction. At trial, the government proved he had done so. The fact that the evidence showed an improper "Outside Services" deduction of $3,000 rather than $28,500 does not mean the proof was insufficient to sustain a conviction, nor does it mean that such a variance in proof warrants judgment of acquittal. *See United States v. Miller,* 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) (conviction for fraudulent scheme narrower than that charged in indictment does not constitute constructive amendment of indictment where scheme upon which conviction was based was included in indictment and offenses charged were not broadened by variance in proof); *United States v. Castro,* 776 F.2d 1118 (3d Cir.1985) (variation in proof did not constitute constructive amendment of indictment where variation did not broaden the bases for conviction but instead narrowed the scope of the evidence to prove an offense included in the indictment), *cert. denied,* 475 U.S. 1029, 106 S.Ct. 1233, 89 L.Ed.2d 342 (1986). Defendant has also shown no prejudice resulting from the variance in what was charged in the indictment and the proof at trial. *Miller,* 471 U.S. at 134–35, 105 S.Ct. at 1814. I will, therefore, deny defendant's motion for judgment of acquittal on count three.[4]

---

4. Defendant further contends that there was no evidence that a deduction in the amount of $3,000 for outside services would have had any effect on the tax liability of the Freshie Company for 1983, and, thus, no evidence that such an improper deduction was "material" within the meaning of section 7206(2). To sustain a conviction under 26 U.S.C. § 7206(2), the defendant must be shown to have aided, assisted, or procured the preparation or presentation of a return which is false or fraudulent as to "any material matter." Contrary to defendant's argument, what must be shown is not that the alleged fraudulent deduction had a material impact on tax liability but, rather, that the return was false or fraudulent as to some "material" matter. Materiality is not shown by demonstrating the effect the fraudulent statement had on a defendant's tax return. *See, e.g., United States v. Holecek,* 739 F.2d 331, 337 (8th Cir. 1984) (false statements in return were "materi-

al" under § 7206(2) where the statements had the potential to obstruct or inhibit the functions which the IRS is required to perform); *United States v. Greenberg,* 735 F.2d 29, 31–32 (2d Cir. 1984) (misstatements which result in only minimal underpayment of taxes are "material" because they may impede the IRS' performance of its responsibilities); *United States v. Goldman,* 439 F.Supp. 337, 344 (S.D.N.Y.1977) (statement is "material" for purposes of § 7206(2) if it is capable of influencing actions of the IRS). Indeed, overstatement of income is a "material" matter even though it may result in the payment of additional taxes since it may also shield falsely inflated deductions. *See Goldman,* 439 F.Supp. at 344. In any event, although the government does not address defendant's argument, I find that Agent Lyne's testimony at trial regarding the $3,000 "Outside Services" deduction was sufficient to support the conclusion

### III. *Defendant's Motion for a New Trial on Count III*

Defendant alternatively moves for a new trial with regard to count three on the basis that there was, as defendant terms it, a fatal variance between the charge in the indictment and the government's proof at defendant's second trial. Defendant contends that because the government introduced evidence with regard to the two false deductions not specified in the indictment, the deductions for "Professional Fees" and "Repairs," there was a fatal variance between the indictment and the proof at trial, thereby justifying the grant of a new trial on count 3.

 Under the fifth amendment grand jury clause, a defendant has the right to be tried only on charges presented in an indictment returned by a grand jury.[5] *Stirone v. United States,* 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960). *See Miller,* 471 U.S. at 140–41, 105 S.Ct. at 1817–18. A constructive amendment of the charges in an indictment can occur when the evidence at trial establishes the commission of an offense not charged in the indictment. In other words, the proofs may broaden the possible bases for a conviction from those considered by the grand jury.[6] *Id.* at 143, 105 S.Ct. at 1818. Because a defendant could be convicted on allegations which were neither presented to the grand jury nor charged in the indictment, the constructive amendment of an indictment constitutes a per se violation of the fifth amendment grand jury clause, requiring reversal of a conviction. *Stirone,* 361 U.S. at 217, 80 S.Ct. at 273.

 Count three of this indictment charges defendant with aiding and procuring the filing of a corporate tax return which was false because it improperly claimed a deduction for "Outside Services," not because it improperly claimed deductions for "Professional Fees" and "Repairs." The proofs at trial established improper deductions for all three. In *Stirone,* one of the offenses proved at trial was not fully contained in the indictment. Since the trial evidence had amended the indictment by broadening the possible bases for conviction from that which appeared in the indictment, the Supreme Court reversed. 361 U.S. at 217, 80 S.Ct. at 273. In this case, by presenting evidence of the improper deductions for "Professional Fees" and "Repairs," the government necessarily broadened the charges upon which the defendant was tried and, thus, in effect, amended the indictment. The result was the impermissible addition to the indictment during trial. *See United States v. Zauber,* 857 F.2d 137, 151 (3d Cir.1988) ("The unconstitutional amendment occurs when impermissible additions are made to the indictment during trial."), *cert. denied sub nom. Scotto v. United States,* —— U.S. ——, 109 S.Ct. 1340, 103 L.Ed.2d 810 (1989). The jury, having received evidence that all three deductions were improper, could possibly have based defendant's count three conviction on a charge that was never presented to the grand jury, the falsity of the "Repairs" deduction or the falsity of the "Professional Fees" deduction. Since there is no way to know just which deduction was the basis of the conviction, I conclude that a new trial is warranted on count three.[7] *See United States v. Yeo,*

that the Freshie Company's 1983 return was false or fraudulent as to a "material matter" within the meaning of section 7206(2).

**5.** The grand jury clause provides, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const., amend. V, cl. 1.

**6.** In contrast, a variance between the indictment and proof at trial occurs when the charging terms of the indictment are unaltered, that is, the proof does not broaden the possible bases for conviction, but the evidence at trial, none-

theless, proves facts materially different from those alleged in the indictment. *United States v. Mollica,* 849 F.2d 723, 729 (2d Cir.1988); *United States v. Smith,* 789 F.2d 196, 200 (3rd Cir.1986). In such a situation, the proofs at trial often merely narrow the bases for conviction. *See Miller,* 471 U.S. at 144–45, 105 S.Ct. at 1819–20; *Castro,* 776 F.2d at 1123.

**7.** Had the government's proof been limited to evidence of the $3,000 improper deduction for "Outside Services," defendant's conviction on count three could stand. As stated previously, such a variance between the charge and proof was merely a narrowing of the scope of the

739 F.2d 385, 387 (8th Cir.1984) (evidence of additional extortionate act not charged in indictment in conjunction with instruction stating that defendant could be convicted on the basis of that act amounted to a constructive amendment of the indictment, warranting reversal of conviction).

### IV. Defendant's Motion for Judgment of Acquittal on Count Four

■ Defendant moves for judgment of acquittal on count four on the basis that the evidence at trial was insufficient to establish either willfulness or causation as to one of the respects in which The Freshie Company's 1984 tax return was allegedly false, that is, the allegation of "a deduction of $1,300.94 for plant expense and travel and entertainment."[8] This deduction corresponds to the amount Freshie paid Continental Rental and Sales for the rental of the coat racks used at defendant's home while the closets were being redone. Defendant argues further that the government did not show that the two remaining deductions set forth in count four, the deductions for amortization and depreciation, would have any effect on the tax liability of Freshie for that year and, thus, the government failed to show that these deductions were "material" within the meaning of § 7206(2).

At trial, defendant's secretary, Ida Trivelis, testified that, as a result of an innocent mistake, she had caused invoices relating to defendant's rental of coat racks from Continental Rental and Sales to be billed to The Freshie Company and subsequently paid by Freshie rather than billed to the defendant's home. The government, however, also introduced evidence that several of the Continental invoices were approved for payment by the defendant who also signed one of the checks to Continental Rental and Sales. Defendant himself testified that he approved the payment of the invoices with Freshie monies, and that the coat racks were delivered to his home. The jury was not required to accept Ms. Trivelis' testimony. Even if the jurors did accept Ms. Trivelis' explanation that she made an innocent mistake, there was sufficient evidence from which they could have concluded beyond a reasonable doubt that defendant knowingly approved the payment of the Continental invoices with Freshie monies rather than directing that they be paid with funds from his personal loan account. The jury also could have concluded that defendant, by approving payment of the invoices with the knowledge that Freshie could not claim corporate deductions for his personal expenses, willfully caused The Freshie Company to file a tax return claiming the payment to Continental for the coat racks as a business expense. There was, therefore, no failure of proof on count 4 with respect to the deduction for plant expense and travel and entertainment.[9]

An order follows.

---

evidence to prove an offense included in the indictment. *See* Section II, *supra,* p. 1210.

Although defendant has not raised the issue, I also note that the introduction into evidence of the improper deductions for "Professional Fees" and "Repairs" did not prejudice the defendant with regard to his convictions on counts 1, 2, and 4. While these deductions were not charged in the indictment, evidence relating to them would have been admissible at trial under Fed.R.Evid. 404(b).

**8.** Count 4 of the indictment charges that:

On or about February 27, 1985, at Philadelphia, in the Eastern District of Pennsylvania, the defendant,

SEYMOUR G. MANDELL,

who during the fiscal year 1984 was the Chairman of the Board of The Freshie Company, did willfully aid and assist in, and procure, counsel, and advise the preparation and pre-sentation to the Internal Revenue Service, of a 1983 U.S. Corporation Income Tax Return, form 1120, of the Freshie Company, for the fiscal year ended June 30, 1984, *which was false and fraudulent as to a material matter, in that it represented that the Freshie Company was entitled under the provisions of the Internal Revenue laws to claim a deduction of $1,300.94 for plant expense and travel and entertainment, a deduction of $4,777.55 for amortization, and deduction of $4,084.35 for depreciation,* whereas, as the defendant, SEYMOUR G. MANDELL, then and there well knew and believed, the deductions were false and fraudulent in that The Freshie Company had not incurred such amounts claimed as deductions. (emphasis added).

**9.** As it appears from his brief, defendant's argument is that there was a failure of proof with respect to count four because there was a failure of proof as to all three deductions charged

**1214**

### ORDER

AND NOW, this 25th day of August, 1989, for the reasons stated in the accompanying memorandum, it is hereby ordered:

1. Defendant's motion for judgment of acquittal is denied.

2. Defendant's motion for arrest of judgment is denied.

3. Defendant's motion for a new trial with regard to count 3 of the indictment is granted.

in the count. Since I have found that there was sufficient evidence to establish willfulness and causation with respect to the deduction of $1,300.94 for plant expense and travel and entertainment, I need not address defendant's argument that there was insufficient evidence from which to conclude that the two remaining deductions in count four would have had any effect on Freshie's tax liability for 1984. Defendant has not contended that judgment of acquittal on count four would be appropriate if there was only a failure of proof as to one or two of the three deductions charged in count four. In any event, as I have previously noted, *see supra* note 5, whether a return is false or fraudulent as to a "material" matter is not determined by whether the alleged fraudulent deduction had a material impact on ultimate tax liability.

Defendant also argues that a new trial on count four is necessary as a result of the insufficiency of the evidence concerning the deduction for plant expense and travel and entertainment. Defendant contends that since there was a failure of proof with regard to this deduction, and since count four contains several allegations any one of which would be sufficient to support a verdict, a failure of proof as to any one, coupled with a general verdict, requires a new trial. Inasmuch as I have concluded that there was no failure of proof with regard to the deduction for plant expense and travel and entertainment, I need not address this argument.