**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lester KALMANSON and Barbara Kalmanson, Defendants-Appellants.**

**No. 71–3609.**

United States Court of Appeals, Fifth Circuit.

July 12, 1973.

Rehearing Denied Aug. 1, 1973.

Chester Bedell, C. Harris Dittmar, Jacksonville, Fla., for defendants-appellants.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Charles J. Muller, Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and INGRAHAM, Circuit Judges.

1. Va.Code Ann. § 8.9–109(1).

2. Va.Code Ann. § 8.9–307(2).

PER CURIAM:

Lester and Barbara Kalmanson were charged in a three-count indictment with willful evasion of income taxes for the years 1964, 1965 and 1966. After a jury trial, verdicts were returned finding the Kalmansons guilty only as to the count relating to the tax year 1966.

The Kalmansons timely pursued this appeal raising numerous allegations of error. We have carefully reviewed the record and have determined that the convictions must be affirmed.

■ The appellants questioned the sufficiency of the evidence to support the jury's finding of guilt. The evidence in the present case, when viewed in a light most favorable to the government, is more than ample to support the verdict of the jury. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■ ■ Assigned errors relating to portions of the court's instructions to the jury are likewise without merit. The court's charge to the jury must be considered as a whole. United States v. Williams, 473 F.2d 507 (5th Cir., 1973); Tillman v. United States, 406 F.2d 930 (5th Cir., 1969). The instructions in the present case, when so viewed, were not erroneous.

■ Appellants claim that the trial court erred when toward the end of the second day of deliberation it requested the jury to reexamine its views in order to reach a unanimous result if it could do so without any member yielding a conscientious conviction. The charge, as given, tracked the wording of the standards recommended by the American Bar Association. American Bar Association, Standards Relating to Trial by Jury, § 5.4 (Approved Draft 1968). There was no error. United States v. Bailey, 480 F.2d 518 (5th Cir., 1973) (en banc).

Having carefully considered appellants' remaining contentions and finding them to be without merit, we affirm the judgment of the district court.

Affirmed.