**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ralph C. STEPHEN,
Defendant-Appellant.**

No. 77–5392
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 15, 1978.

Rehearing Denied April 13, 1978.

Ralph C. Stephen, pro se.

Kenneth J. Mighell, U. S. Atty., Gerhard Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before MORGAN, CLARK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Ralph C. Stephen was convicted by a jury of supplying false information on an employees' withholding certificate in violation of 26 U.S.C. § 7205. The act which led to that conviction was Stephen's writing the number "99" on the bottom line of the form used by his employer, Bell Helicopter Company, for determining the amounts to withhold from its employees' pay checks for federal income taxes. In his pro se briefs to this court, Stephen raises twelve grounds of error:

1. Improper selection of grand and petit jurors.
2. Failure to rule on his pretrial motions.
3. Variance between the indictment and the evidence.
4. Insufficient proof that the form was falsely and fraudulently completed.
5. Stephen did not supply a false and fraudulent statement.
6. Failure to compel the production of original notes of IRS investigators.
7. Admission of irrelevant evidence.
8. Inflammatory remarks by the prosecutor.
9. Improper questioning of witnesses by the trial judge.
10. Denial of motions for directed verdict.
11. Insufficient evidence to support the verdict.
12. Prejudicial charge to the jury.

In a case involving another Bell Helicopter employee who completed the same form with the number "99" we considered grounds of error similar to numbers 1, 3, 4, 5, 11, and 12 in Stephen's brief. *See United States v. Arlt*, 567 F.2d 1295 (5th Cir. 1978). *See also United States v. Carter*, 568 F.2d 453 (5th Cir. 1978). Our discussion in *Arlt* sufficiently explains our finding that Stephen's similar contentions are without merit. With the exception of the grounds discussed below, we find the other grounds to be equally unmeritorious and not in need of discussion.

Stephen's second contention is based upon the trial court's failure to rule on a motion to dismiss the indictment and a motion to produce a transcript of the grand jury testimony that led to the indictment. The record does not reflect specific rulings on those motions. The government contends that informal rulings were made or indicated in conferences between the court and counsel which were de hors the record. Such informal proceedings would not suffice to establish the matters for appellate review. The record clearly reflects, however, that the motion to dismiss was not well taken since the motion was based upon contentions which could be resolved only by a trial on the merits. *See* Fed.R.Crim.P. 12(b). There was no transcript made of the grand jury testimony. Any error in failing to rule formally on these pretrial motions was harmless.

Stephen's seventh ground of error relates to testimony by an IRS investigator about similar acts committed by other employees at Bell Helicopter and about meetings held in the Dallas-Fort Worth area to discuss protests against the tax system. Another IRS agent, who had investigated Stephen's case, had testified that Stephen had said that he attended one of those tax meetings. Although Stephen denied having made such a statement, the trial judge committed no error in permitting the government to present the testimony of this IRS agent concerning the activities of those who had attended similar tax protest meetings. The testimony related to Stephen's motive in completing the form with the number "99" and tended to show that he was aware that, in a computerized system which would not evaluate the absurdity of such a statement, the necessary result of his act would be the failure to withhold the proper amounts. Stephen would thereby receive money to which he had not established an entitlement.

AFFIRMED.