UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul Alvin WELLENDORF,
Defendant-Appellant.

No. 77–5459
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 13, 1978.

Rehearing Denied July 27, 1978.

Frank D. McCown, Fort Worth, Tex., Edmund N. Anderson, Bedford, Tex., for defendant-appellant.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Gerhard E. Kleinschmidt, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

Defendant Paul Wellendorf was convicted, after a jury trial, on two counts of an information which charged violations of 26 U.S.C. § 7205 in connection with the filing on September 21 of Internal Revenue Service Form W–4 and the later filing of I.R.S. Form W–4E with his employer Bell Helicopter Company. He was sentenced to concurrent six-month terms of imprisonment with the remainder of the one-year sentences being suspended. On this appeal Wellendorf raises four contentions: 1) the district court improperly excluded evidence relevant to Wellendorf's defense of good faith; 2) the district court did not instruct the jury that ignorance of the law may be considered on the question of specific intent; 3) the government improperly introduced proof of an extraneous offense; and 4) the evidence was insufficient as a matter of law to sustain the conviction. Having carefully considered these contentions we conclude that the conviction should be affirmed.

Defendant Wellendorf filed on September 21, 1976 a new Internal Revenue Service Form W–4 with his employer Bell Helicopter listing "99" on the line for total dependents and allowances. Wellendorf later filed a W–4E form purporting to amend the W–4 form filed in September 1976.[1] By filing the W–4E form Wellendorf certified that he incurred no tax liability for 1975, anticipated none for 1976 and therefore was entitled to have the withholding of taxes from his wages stopped. Thereafter, on December 16, 1976 Wellendorf filed a new W–4 form claiming one exemption.

Wellendorf's first contention is that his testimony concerning the advice he received at a tax protestors' meeting was improperly excluded as hearsay thereby weakening his defense of good faith. The trial judge erred in excluding this testimony since it was offered for proof of Wellendorf's intent and not for the truth of the statement. *See* Federal Rules of Evidence, Rules 801(c), 803(3). However, Wellendorf was permitted to testify that he was advised that withholding of taxes could be lawfully stopped and that he had completed the I.R.S. forms according to that advice. The substance of Wellendorf's defense of good faith was therefore presented to the jury even though he was not permitted to testify as to what he had been advised at a tax protestors' meeting. Since Wellendorf was able to place his defense before the jury, the fact that the defense was not elicited in the precise manner originally contemplated by the defendant is not a proper basis for reversal. *See United States v. Onori*, 5 Cir., 1976, 535 F.2d 938, 945–46.

Defendant's second contention that the trial judge refused to instruct the jury that ignorance of the law may be considered on the question of specific intent likewise does not constitute reversible error. *United States v. Schilleci*, 5 Cir., 1977, 545 F.2d 519, on which the defendant relies, is distinguishable from the instant case. In *Schilleci* the trial judge specifically instructed the jury on the presumption that everyone knows the law though he omitted an instruction on the effect of a defendant's actual ignorance. Since no instruction on the presumption that everyone knows the law was given in this case, the confusion presented in *Schilleci* does not exist here. The validity of these instructions must be tested by examining the instructions in their entirety. *See United States v. Kalmanson*, 5 Cir., 1973, 481 F.2d 666. The

---

1. When the W–4E form was submitted is a matter of dispute. The form is dated September 21, 1976. However, Wellendorf testifies that he submitted the form in 1977 to amend the September 21 W–4 form.

jury charge given in this case was adequate to allow the jury to find absence of specific intent if they concluded that Wellendorf was ignorant of the law, the court having instructed the jury that "wilfully" means "a bad purpose either to disobey or disregard the law" and "a voluntary, intentional violation of known legal duty."

■ Defendant Wellendorf's third contention is that the trial court improperly admitted the testimony of Internal Revenue Service Agent Popham to the effect that the Internal Revenue Service had no record of Wellendorf having filed a 1976 Federal Income Tax Return. Wellendorf argues that the court's action was improper because the testimony was hearsay and because it prejudiced the defendant by proving the failure of defendant to file an income tax return, an offense with which he was not charged. We disagree with both of these objections. The revenue agent's testimony was not hearsay since the record indicates that Agent Popham made a search of the Internal Revenue Service files before testifying as to his failure to find a 1976 Federal Income Tax Return of defendant. *See Jackson v. United States*, 5 Cir., 1958, 250 F.2d 897, 900–01. Evidence of the failure to file was relevant since defense counsel declared in his opening statement that a 1976 income tax return had been filed. In addition, the evidence of the failure to file a return was probative as to the defendant's intent when filling out the I.R.S. withholding forms. Since the question of the filing of the 1976 income tax return directly related to the offenses charged, the trial judge's admission of the testimony was not an abuse of discretion and will not be disturbed. *See United States v. Brown*, 5 Cir., 1977, 547 F.2d 1264.

■ Finally, defendant Wellendorf claims that as a matter of law he should not have been convicted of the offenses charged because, in accordance with Internal Revenue Service regulations, Bell Helicopter should not have accepted the improperly completed W–4 form and further because filing of the W–4E form could not affect the withholding of taxes since it was filed after the close of 1976. Both of these arguments are without merit. The Internal Revenue Service regulations were designed to prevent an influx of improperly completed forms from overtaxing the Service. These regulations do not protect a defendant who violates the provisions of 26 U.S.C. § 7205 by submitting false or fraudulent information to I.R.S. Also, the jury had sufficient evidence to conclude that the filing of the W–4E form was a violation of 26 U.S.C. § 7205. Wellendorf misreads section 7205 when he contends that only the failure to supply information which would require an increase in the amount withheld is an offense. Section 7205 actually reads in the alternative:

> Any individual required to supply information to his employer under section 3402 who wilfully supplies false or fraudulent information, or who wilfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall . . . upon conviction thereof, be fined not more than $500, or imprisoned not more than one year, or both.

Regardless of the effect of the W–4E form on the actual collection of taxes, the filing of a fraudulent form with I.R.S. is a violation of the criminal statute. *See United States v. Smith*, 9 Cir., 1973, 487 F.2d 329, *cert. denied*, 416 U.S. 989, 94 S.Ct. 2396, 40 L.Ed.2d 767 (1974). Finally, the jury could reasonably find that the W–4E form was filed during 1976 since the form was dated September 21, 1976 and the only evidence that it was filed in 1977 was Wellendorf's testimony.

AFFIRMED.