**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Russell Charles HUDLER,**
**Defendant-Appellant.**

No. 78–1639.

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 11, 1979.

Decided Nov. 5, 1979.

Stanley L. Drexler, Denver, Colo. (Drexler & Wald, Professional Co., Michael J. Abramovitz and Chester J. Stern, Denver, Colo., with him, on briefs), for defendant-appellant.

James A. Bruton, Washington, D. C. (Joseph F. Dolan, U. S. Atty., Richard S. Vermeire, Asst. U. S. Atty., Denver, Colo., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Robert E. Lindsay, Attys., Tax Div., Dept. of Justice, Washington, D. C., with him, on brief), for plaintiff-appellee.

Before DOYLE, BREITENSTEIN and LOGAN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After a jury trial, defendant-appellant Hudler was found guilty of violating 26 U.S.C. § 7205 by willfully supplying false information to two employers. On Count I he was sentenced to one year imprisonment and on Count II placed on probation for two years. He appeals and claims errors in the instructions and the admission of evidence. We affirm.

Section 7205, 26 U.S.C., imposes criminal penalties on any person who is required to supply information to his employer under 26 U.S.C. § 3402, and "willfully" supplies "false or fraudulent" information. Defendant received wages for work as an elevator repair man and was required to furnish the information. The questions are whether he acted willfully and supplied false or fraudulent information.

Count I charged that defendant furnished to his employer, U.S. Elevator Company, an Internal Revenue Form W-4 on which he claimed 99 withholding exemptions. Count II was a similar charge relating to another employer, Dover Elevator Company. Defendant admits that he furnished the forms and did not have 99 exemptions. He said that he claimed them because he understood "99" to be a computer method of symbolizing tax exempt status and would result in zero withholding.

Defendant also asserted belief that he was exempt under 26 U.S.C. § 3401(a)(9) which excludes, from wages, remuneration received by an ordained minister in the exercise of his ministry and by a member of a religious order in the performance of duties required by that order.

Defendant testified that he was a minister of a church known as the Universal Sanctuary of the Association of Jesus Christ of the United States of America, the Order of Almighty God. He said that this church was a member of a larger association called Independent American Constitutional Assembly and headed by Paul Streicher who had authority over member churches. Defendant conducted religious services in his home.

Defendant conveyed all of his property to the church and took a vow of poverty. He continued his elevator repair work. His wage checks were deposited in his bank account and checked out by him or his wife. Streicher reviewed and approved all checks. Defendant's superiors told him how to stop the withholding of taxes and furnished him with IRS publications. Defendant told representatives of his employers that "99" was a code used by his group to show that they

did not believe in paying taxes, and was a computer symbol for exemption.

Defendant claims no First Amendment violation. On this appeal, he does not argue that he was actually exempt under § 3401(a)(9) but emphasizes his belief in such exemption. Defendant chose to supply the W–4 form to his employers. He may not with impunity willfully use the form to furnish false or fraudulent information. See *Bryson v. United States*, 396 U.S. 64, 72, 90 S.Ct. 355, 24 L.Ed.2d 264. His claimed belief is important only in considering whether he acted willfully.

■ In his attack on the instructions, defendant says that they focus improperly on the number of exemptions claimed and do not present adequately his defense of belief in tax exemption. A defendant is entitled to instructions presenting his theory of the case. *United States v. Von Roeder*, 10 Cir., 435 F.2d 1004, 1010, cert. denied 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 713. The exact language requested by the defendant need not be followed. *United States v. Westbo*, 10 Cir., 576 F.2d 285, 289. The instructions taken as a whole must give an accurate statement of the applicable law. *United States v. Afflerbach*, 10 Cir., 547 F.2d 522, 524, cert. denied 429 U.S. 1098, 97 S.Ct. 1118, 51 L.Ed.2d 546.

■ Section 7205 proscribes the willful furnishing of a false or fraudulent statement. The court defined willfulness in terms approved by *United States v. Bishop*, 412 U.S. 346, 360, 93 S.Ct. 2008, 36 L.Ed.2d 941, and *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 50 L.Ed.2d 12. The court instructed:

"An act is willfully done if done voluntarily and intentionally and with the specific intent to do something which the actor knows the law forbids. Mere negligence, even gross negligence, is not sufficient to constitute willfulness under the criminal law. *An act intended in good faith to conform to the law is not willful.*" (Emphasis supplied.)

After stating the elements of the crime, including willfulness, the court told the jury that, to establish willfulness, it must be proved:

"that the defendant's conduct in supplying false or fraudulent information to his employer was done *willfully with the specific intent to violate what he knew his legal duty to be.*" (Emphasis supplied.)

The instructions on willfulness were adequate. They require specific intent to violate the law and recognize a good faith defense.

The court defined properly "false" and "fraudulent" and then said:

" * * * the government must prove that the defendant supplied the false or fraudulent information in his Form W–4, Employee Withholding Allowance Certificate, to his employers *with the specific intent to interfere with the withholding* and collection of his federal taxes in the manner prescribed by law." (Emphasis supplied.)

\* \* \* \* \* \*

"In considering whether the defendant furnished false or fraudulent information to his employer, you should consider the defendant's entire communication both spoken and written, not merely the Form W–4."

■ Defendant offered, and the court rejected, instructions that the information furnished was false only if it resulted in an incorrect withholding and fraudulent only if the defendant intended to deceive. The instructions were derived from *United States v. Snider*, 4 Cir., 502 F.2d 645, 655. The Eighth Circuit in *United States v. Hinderman*, 8 Cir., 528 F.2d 100, 102, disapproved *Snider* and held that § 7205 does not require that a statement be "false in the sense of deceptive." We agree with the Eighth Circuit. The criterion is not whether the employer and the government were, or could have been, deceived. The crime is the willful furnishing of false or fraudulent information.

The instructions required specific intent and permitted consideration of both the W–4 forms and defendant's statements to his employers that "99" was a symbol to

indicate tax exemption. Admittedly, defendant was not entitled to 99 exemptions. He used that figure to attain zero withholding.

■ Defendant relies on his belief in exemption on religious grounds, his use of "99" as a symbol, and his understanding of IRS publications. These subjective factors are for jury consideration along with all evidence presented. The number of exemptions claimed is another factor. See *United States v. Smith*, 10 Cir., 484 F.2d 8, 10, cert. denied 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874, a case relating to the falsity of a W–4 form; see also *United States v. Wellendorf*, 5 Cir., 574 F.2d 1289, 1290, *United States v. Stephen*, 5 Cir., 569 F.2d 860, 861, and *United States v. Arlt*, 5 Cir., 567 F.2d 1295, 1298, cert. denied 436 U.S. 911, 98 S.Ct. 2250, 56 L.Ed.2d 412, all cases relating to a claim of "99" exemptions in a W–4 form.

The instructions given permitted the jury to consider every defense offered by defendant. They were fair, adequate, clear, and understandable with no undue emphasis on any phase of the case. They permitted acquittal if the jury believed the defendant. Credibility is for the jury, and it determined the issue against the defendant.

■ Defendant complains of the court's exclusion of testimony of expert witness Sorenson relating to the use of "99" in computer programs to indicate tax exempt status. No showing is made that either the employers or the government knew of, or recognized, such practice. The qualifications of the witness to testify on the subject were doubtful. The court did not abuse its discretion in rejecting the testimony. *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 10 Cir., 516 F.2d 33, 37.

■ After the defendant's wife testified and the evidence closed, defendant offered her testimony on the retention of her separately owned property. He argues that the testimony would support his claim of sincerely held religious beliefs. The offer came too late and, at the most, was cumulative. The offer was properly rejected.

Affirmed.