**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles J. ROTHBART, Defendant-Appellant.**

No. 82-2146.

United States Court of Appeals, Tenth Circuit.

Dec. 15, 1983.

James P. Springer, Washington, D.C. (Robert N. Miller, U.S. Atty., Denver, Colo., Glenn R. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Robert E. Lindsay and Deborah Wright Dawson, Attys., Tax Division, Department of Justice, Washington, D.C.), with him on the brief, for plaintiff-appellee.

Alan J. Dunn, Wheat Ridge, Colo., for defendant-appellant.

Before McKAY, BREITENSTEIN and LOGAN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-defendant, Rothbart, the co-owner of Warehouse Foods Distributors, was charged with six counts of failure to file timely Employer's Quarterly Federal Tax Returns (Form 941) for the last two quarters of 1974 and for all four quarters of 1975 in violation of 26 U.S.C. § 7203. The jury returned verdicts of not guilty as to the first two counts, charging violations for the last two quarters of 1974, and guilty as to the remaining four counts relating to violations occurring in the four quarters of 1975. The defendant appeals from his conviction and sentencing. We affirm.

This case has been to this court before. The court reversed his conviction on all six counts and remanded for a new trial, finding prejudicial error in the admission of the deposition of a government witness. *United States v. Rothbart*, 10 Cir., 653 F.2d 462.

At trial on remand, Rothbart, an attorney, admitted that as president of Warehouse Foods Distributors, Inc. (WFD) during the time in question, he was solely responsible for filing the company's employment tax returns, Form 941, and that these

forms were not filed for the last two quarters of 1974 or for all quarters of 1975. Section 7203, Title 26 U.S.C., makes it a misdemeanor to "willfully" fail to file a required return. The issue at trial was whether defendant's failure to file was willful.

Defendant presented evidence on two theories to show lack of willfulness. First, he claimed through his own testimony and that of two former employees of WFD that the business at the times in question was in a chaotic state and demanded so much of defendant's time that he negligently failed to file the forms. Secondly, he argued that he relied on statements of Internal Revenue Service, IRS, agents in not filing.

As to the first, he argues that the court erred in refusing his tendered instructions regarding specific facts that the jury should consider in determining his willfulness, including pressing business demands, personnel changes and inadvertent loss or misplacement of business records. As to the second, he claims that the definition of willfulness was insufficient to address his claim of good faith reliance on statements of IRS agents.

He testified that in April or May, 1975, he told Ochoa, an IRS agent who was auditing WFD 1972 and 1973 tax liabilities, that he had not yet filed the Forms 941 for the last two quarters of 1974 and the first quarter of 1975. He said that Ochoa told him not to do anything until the completion of the audit. Ochoa denied this statement. In 1976 defendant met with Lane, another IRS agent, and two former employees of WFD testified that defendant asked Lane whether he should file the delinquent returns and that Lane refused to advise him. He said that after speaking with Lane he decided to file the forms for all six quarters but was then unable to do so because of the inadvertent misplacement of payroll records. During the time that these records were supposedly missing, they were taken by defendant's employee to IRS in response to an IRS summons, catalogued, and returned to the employee.

 A defendant is entitled to instructions which fairly present his theory of the case. *United States v. Hudler,* 10 Cir., 605 F.2d 488, 490, cert. denied, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236. The exact language requested by defendant need not be given, *United States v. Westbo,* 10 Cir., 576 F.2d 285, 289, and the trial court need not give the examples requested by the defendant. *United States v. Irwin,* 1 Cir., 593 F.2d 138, 142. It is enough that the instructions as a whole give an accurate statement of the law. *United States v. Hudler,* supra, 605 F.2d at 490.

In the instant case the court instructed the jury that:

"The term 'wilfully' as used in these instructions means voluntary, purposeful, deliberate and intentional, as distinguished from accidental, inadvertant or negligent.

Mere negligence, even gross negligence, is not sufficent to consitute [sic] wilfulness.

The failure to make a timely return is wilful if the defendant's failure to act was voluntary and purposeful and with the specific intent to fail to do what the law required to be done. That is to say, with the purpose to disobey or disregard the law that rquires [sic] him to disclose to the government facts material to the determination of the withholding tax liability of the corporate employer for which he was the responsible person. . . .

On the other hand, the defendant's conduct is not wilful if you find that he failed to file a return because of negligence, mistake or inadvertance."

 This definition of willfulness is an accurate statement of the law as set forth in *United States v. Pomponio,* 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 and *United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941. Although the instruction in *Pomponio* included the phrase "bad purpose to disobey or disregard the law," there was no error in the deletion of the word "bad" in this case. As noted in *Pomponio,* 429 U.S. at 12, 97 S.Ct. at 23, willfulness does not require any motive other than "a voluntary, intentional violation of a known legal duty."

The trial judge directed that a failure to file due to mistake would not be willful, rejecting defendant's proposal that he also exclude from willfulness a "good faith misunderstanding of the law...." We find no reversible error in an instruction which states that a failure to file based on mistake is not willful because it does not then repeat that a failure to file based on a misunderstanding is not willful. Although the instructions did not emphasize the defendant's evidence, they were adequate to inform the jury regarding his theory of the case. The judge stated that the failure to file was not willful if due to accident, inadvertence, negligence, or mistake. This language covers the claims of mistaken reliance on the agent's statement or the inadvertent misplacement of necessary business records.

The defendant had previously been convicted of failure to file timely personal income tax returns for the years 1969 and 1971. The court ruled that evidence of these convictions could not be shown. On cross-examination of the defendant, the court allowed the prosecution to ask if he had filed any late returns but the judge cautioned the prosecutor that he could not go into the matter further. He admitted testimony of the late filings.

The admission of evidence is a matter within the trial court's discretion and will not be disturbed unless clearly erroneous. *United States v. Lawson,* 10 Cir., 670 F.2d 923, 928. Under Fed.Rule Evid. § 404(b), evidence of other crimes, wrongs, or acts is admissible to prove motive, intent, knowledge, or absence of mistake. As required by the Rule, the court properly balanced the prejudicial effect of the evidence against its probative value. In this case where the sole issue was defendant's willfulness, the evidence was properly admitted to show intent and absence of mistake. See *Ayash v. United States,* 10 Cir., 352 F.2d 1009, 1013, and *Sanseverino v. United States,* 10 Cir., 321 F.2d 714, 716.

Defendant made an offer of the testimony of witness Peterson, a WFD employee, concerning a conversation which she had with the defendant in 1976. The proffered testimony was that, sometime after the defendant's conversation with agent Lane in the summer of 1976, the defendant asked Peterson what she thought of Lane's refusal to advise him and Peterson told him that she got the impression that he should not file.

It is difficult to understand how the proffered testimony was relevant to the charges against the defendant or the defense theory. The defendant was charged with failure to file the returns for the last two quarters of 1974 and all four quarters of 1975 when due. Peterson's testimony would go to show that in the fall of 1976, the defendant was uncertain whether he should file the already delinquent returns. Even if relevant, its exclusion was harmless error because it was covered by other evidence. The defendant's justification for his failure to file was set forth at length in his own testimony. His statements concerning agent Ochoa's advice were corroborated by witness Thompson. His testimony concerning Lane's refusal to advise him was corroborated by both Thompson and Peterson. His testimony concerning the lost payroll records was corroborated by Peterson. The proffered testimony would have added little, if anything, to corroborate defendant's story. The court did not err in excluding it.

Affirmed.