NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2223
_____

SCOTT W. TAYLOR,
doing business as
TAYLOR'S TRADING POST

SCOTT W. TAYLOR,
*Appellant*

v.

ALPHONSO HUGHES,
Director of Industry Operations, Bureau of Alcohol
Tobacco Firearms and Explosives
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-12-cv-00138)
District Judge:  Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2013

Before:  MCKEE, *CHIEF JUDGE*, FUENTES, and SLOVITER, *Circuit Judges*

(Filed: December 12, 2013)
_____

O P I N I O N
_____

SLOVITER, *Circuit Judge*.

Scott W. Taylor ("Taylor") appeals the District Court's denial of his Federal Rule of Civil Procedure ("FRCP") 56(d) motion for a continuance and the District Court's grant of summary judgment to the Bureau of Alcohol, Tobacco, and Firearms ("ATF"). For the following reasons, we will affirm.[1]

I.

Taylor has held a federal firearms license ("FFL") and operated a firearm shop out of the basement of his home since 1973. In January 2010, ATF inspected Taylor's shop. During the inspection, Taylor admitted knowing that the Gun Control Act ("GCA") required that he record every purchase or sale of a gun in an acquisition and disposition ("A&D") book. He also admitted that he knew how to keep A&D books, and had kept such records in the past. Taylor further admitted to having bought thousands of guns between December 2006 and January 2010, and that he had not made a single entry in his A&D books during that time. Taylor only began to make A&D entries after ATF began the January 2010 compliance inspection.

ATF concluded that Taylor failed to record the acquisition of 5,715 firearms and the disposition of 2,856 firearms (and another separate 1,618 firearms). As a result of the large volume of guns, it took nine months and the assistance of numerous ATF agents to complete the compliance inspection. At the conclusion of the inspection, 160 guns remained unaccounted for. During the inspection, ATF also recovered, and Taylor

---

[1]    The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. This court has jurisdiction pursuant to 29 U.S.C. § 1291.

admitted possessing, a gun with an obliterated serial number. Taylor admitted that he knew it was against the law to possess such a firearm and to fail to report it to ATF, but, he claimed he kept it so he could salvage it for parts.

On February 9, 2011, ATF issued a Notice of Revocation of License to Taylor. After a hearing, ATF determined that Taylor willfully violated the GCA and revoked his FFL.

On January 24, 2012, Taylor filed the instant action. ATF moved for summary judgment; Taylor responded by seeking a stay pursuant to FRCP 56(d), which the Magistrate Judge denied. At the recommendation of the Magistrate Judge, the District Court, after a *de novo* review, granted summary judgment to ATF.

## II.

A licensed firearms dealer, such as Taylor, is required to maintain accurate and detailed acquisition and disposition records. *See* 18 U.S.C. § 923(g)(1)(A). The Attorney General may "revoke any license issued under this section if the holder of such license has willfully violated any provision of this chapter." 18 U.S.C. § 923(e).

Our sister circuits have adopted a two-prong legal test in reviewing a license revocation matter: (1) whether the licensee violated a provision of the GCA and, if so, (2) whether the licensee willfully committed the violation. *See Borchardt Rifle Corp. v. Cook*, 684 F.3d 1037, 1040 (10th Cir. 2012); *Am. Arms Int'l v. Herbert*, 563 F.3d 78, 82 (4th Cir. 2009). Eight circuit courts have held that a firearms dealer's violation is "willful" where the licensee knew of his legal obligation and purposefully disregarded or was plainly indifferent to the requirements. *See Borchardt Rifle Corp.*, 884 F.3d at 1042

3

n. 9 (listing the decisions of the other seven circuits). This precedent is persuasive. Moreover, this circuit has upheld this "willful" definition in federal explosives law and Taylor conceded that willfulness means plain indifference. *See Vineland Fireworks Co. v. ATF*, 544 F.3d 509, 517-18 & n. 16 (3d Cir. 2008) (upholding ATF's interpretation of "willfulness" as "plain indifference to, or intentional disregard of, a known legal duty" not requiring malice and citing the circuits that applied this definition to firearms licensing).

In this case, Taylor admitted to failing to record the acquisition and disposition of more than 5,000 firearms and possessing a firearm with an obliterated serial number. Thus, there is no question that Taylor violated the GCA. Taylor's violations were also "willful." He admitted knowing his legal obligations—to record all sales and purchases in an A&D book and to report a gun with an obliterated serial number. The record does not suggest that he purposefully disregarded these requirements with a bad purpose.[2] However, the record certainly reflects "plain indifference." Therefore, ATF had sufficient legal basis to revoke Taylor's FLL.

Taylor raises further challenges, arguing that the District Court erred in denying his Rule 56(d) motion and that ATF abused its discretion in revoking his FFL by not following its internal procedures and policies.

---

[2]  At the District Court, Taylor presented several explanations for his failure to comply which he does not raise on appeal.

A. Taylor's 56(d) Motion

This court reviews a district court's disposition of a Rule 56(d) motion for abuse

of discretion. *See Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 324 n. 6 (3d Cir. 2005).

Federal Rule of Civil Procedure 56(d) states:

> When facts are unavailable to the Nonmovant. If a nonmovant shows by
> affidavit or declaration that, for specified reasons, it cannot present facts
> essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

FRCP 56(d) (formerly FRCP 56(f)).

Where information sought is not relevant to the court's inquiry, a Rule 56(d)

motion for discovery may be denied. *See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 230

(3d Cir. 1987). In regards to a summary judgment motion, a fact is material if proof of its

existence or nonexistence "might affect the outcome of the suit." *Haybarger v. Lawrence

Cnty. Adult Prob. & Parole*, 667 F.3d 408, 412 (3d Cir. 2012) (quoting *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

As discussed above, there is no question that the Attorney General was permitted

to revoke Taylor's FFL based on his numerous violations of the regulations. We reject

Taylor's argument that we should undertake an analysis that includes whether ATF's

controlling internal policies permit his revocation; that is not required by the statute. Nor

does Taylor provide any adequate case law in support of this proposition. In his Rule

56(d) motion, Taylor requested files related to every FFL holder from January 1, 2008

through the present whose license has been revoked by ATF; every FFL holder in that

period who violated the GCA, but whose license was ultimately not revoked; and every petition for judicial review by an FFL holder in that timeframe. Taylor's overbroad requests for information on ATF's internal policies and treatment of other FFL holders is wholly irrelevant. Therefore, it was not relevant to the District Court's inquiry and the District Court did not abuse its discretion in denying Taylor's Rule 56(d) motion to stay to obtain such information.

B. Whether ATF Abused its Discretion in Revoking Taylor's FFL

Taylor argues that a "grant of summary judgment without allowing reasonable inquiry [into] ATF's policies and application of such is contrary to the principles and law stated in *INS v. Yang* and *Morton v. Ruiz.*" (Appellant's Br. at 12) Taylor relies on *INS v. Yang*, 519 U.S. 26, 32 (1995), and *Morton v. Ruiz*, 415 U.S. 199, 235 (1974), to argue that ATF is required to follow internal policies to "conduct inspections in a uniform manner" and that failure to do so is "arbitrary and capricious agency action." (Appellant's Br. at 10)

However, the District Court found and the Government contends that the APA does not apply to GCA revocation cases. The APA exempts cases where a court reviews a matter *de novo*. 5 U.S.C. § 554(a)(1). The GCA requires a district court to review the suspension of a FFL *de novo*. 18 U.S.C. § 923(F)(3). As previously discussed, under a *de novo* review, the District Court found that Taylor willfully violated the GCA and therefore, ATF was authorized to revoke his FFL. There is no basis to read *INS v. Yang* and *Morton v. Ruiz* as requiring the District Court, or this court, to undertake an analysis of ATF's internal polices and the application of those policies to other FFL holders when

6

the court has concluded that the statutory requirements for revocation have been met. Therefore, because under a *de novo* review the GCA permitted ATF's revocation of Taylor's FFL, there is no need to review ATF's internal policies and procedures to determine whether ATF abused its discretion when revoking Taylor's FFL.

III.

For the foregoing reasons, we will affirm the District Court's decision.